UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JACQALYNE T.                          :
                                      :
v.                                    :     C.A. No. 21-00439-JJM
                                      :
KILOLO KIJAKAZI, Commissioner         :
Social Security Administration        :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner
of the Social Security Administration ("Commissioner") denying Supplemental Security Income
Benefits ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the
"Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on November 9, 2021, seeking to reverse
the Decision of the Commissioner.  On March 30, 2022, Plaintiff filed a Motion to Reverse the
Decision of the Commissioner.  (ECF No. 10).  On April 28, 2022, Defendant filed a Motion for
an Order Affirming the Decision of the Commissioner.  (ECF No. 11).

This matter has been referred to me for preliminary review, findings, and recommended
disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'
submissions, and independent research, I find that there is not substantial evidence in this record
to support the Commissioner's decision and findings that Plaintiff is not disabled within the
meaning of the Act.  Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 10)
be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 11) be DENIED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 1, 2019 (Tr. 243-244) and for SSDI on November 12, 2019 (Tr. 245-252) alleging disability since June 1, 2012.  The applications were denied initially on February 4, 2020 (Tr. 114-124, 125-135) and on reconsideration on April 13, 2020.  (Tr. 137-147, 148-158).  Plaintiff requested an Administrative Hearing.  On January 14, 2021, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 38-62).  Plaintiff subsequently amended her disability onset date to October 31, 2019 and thus effectively withdrew her DIB application.  (Tr. 16).  The ALJ issued an unfavorable decision to Plaintiff on January 27, 2021.  (Tr. 13-30).  The Appeals Council denied Plaintiff's request for review on September 7, 2021.  (Tr. 1-4).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's assessment of the opinion evidence was "entirely flawed" and that the aggregate of her moderate limitations in all areas of mental functioning compound her limitations to the point of disability.

The Commissioner disputes Plaintiff's claims and argues that the ALJ's findings are supported by substantial evidence and must be affirmed.

## III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS,

955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.      **Treating Physicians**

Substantial weight should be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R

§ 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  <u>See</u> 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (<u>see</u> 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  <u>See also</u> <u>Dudley v. Sec'y of HHS</u>, 816 F.2d 792, 794 (1st Cir. 1987).

### B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  <u>Heggarty v. Sullivan</u>, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  <u>See</u> 42 U.S.C. § 406; <u>Evangelista v. Sec'y of HHS</u>, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  <u>Id.</u>  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  <u>See</u> <u>Heggarty</u>, 947 F.2d at 997, <u>citing</u> <u>Currier v. Sec'y of Health Educ. and Welfare</u>, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving

only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.      Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)    Treatment, other than medication, for relief of pain;

(5)    Functional restrictions; and

(6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

## 2.   Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote

v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.     APPLICATION AND ANALYSIS

### A.     The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  As a preliminary matter, Plaintiff voluntarily amended her onset date to a date after her date last insured for DIB and thus her DIB claim was withdrawn.  The ALJ proceeded solely on her SSI claim.  At Step 2, the ALJ found that Plaintiff's personality disorder, depression, anxiety, and PTSD were "severe" impairments within the meaning of the applicable regulations.  As to Plaintiff's mental impairments, the ALJ found moderate functional limitations in all of the "paragraph B" criteria and assessed an RFC for a full range of work exertionally but subject to significant non-exertional limitations.  At Step 4, the ALJ found that this RFC precluded Plaintiff's past work as a retail sales associate at Walmart. However, at Step 5, the ALJ concluded that Plaintiff was not disabled because she was capable of performing other available work.

### B.     The ALJ's ARFC Assessment is Not Supported by Substantial Evidence

This is a close case with a voluminous administrative record.  However, Plaintiff points out several flaws in the ALJ's evaluation of the opinion evidence and makes a reasonable case that these flaws in their entirety infected the ALJ's RFC assessment.  On balance, the Court is convinced that a remand is necessary to remedy the totality of these issues.

The ALJ found the state agency mental health assessment of Dr. Hughes dated March 18, 2020 (Exh. 14A) to be "informed, supported and persuasive," and it formed the substantial basis for the ALJ's RFC assessment.  (Tr. 28).  The ALJ also observed that "[t]here is no treating opinion to corroborate [Plaintiff's] allegations or to contradict the findings of the State agency reviewing

psychologist." Id.  The problem, however, is that the latter statement fails to account for the presence in the record of a treating psychiatrist "Mental Medical Opinion" from Dr. Zambenedetti dated December 3, 2019.  (Exh. 14F).  Dr. Zambenedetti opined that Plaintiff had numerous functional limitations related to her mental impairments that are at a disabling level.  Id.  Despite inaccurately stating that there were no corroborating treating opinions in the record, the ALJ found Dr. Zambenedetti's "assessment" to be unpersuasive and unsupported by the longitudinal record. (Tr. 27).  The ALJ also inaccurately stated that there were no treating opinions to contradict the findings of the State agency psychologist.  Dr. Zambenedetti's opinion checks both boxes and, more significantly, the Commissioner concedes, without explanation, that it was not part of the record reviewed by Dr. Hughes.  (ECF No. 11 at p. 15).  The Commissioner also offers the circular and unsupported argument that because the ALJ properly found Dr. Zambenedetti's opinion unpersuasive, Plaintiff cannot rely on it now to undermine the State agency psychologist's findings.  Id.

Here, since Dr. Hughes for some unknown reason was not provided with Dr. Zambenedetti's opinion to review and consider, it is impossible to unscramble the egg and know if it would have changed Dr. Hughes' opinion and would have changed how the ALJ viewed both of those opinions.  Contrary to what the ALJ stated, there was a treating opinion (Dr. Zambenedetti's) that both corroborated Plaintiff's allegations and contradicted Dr. Hughes' findings.  Plaintiff also faults the ALJ and Dr. Hughes for giving short shrift to the details in Dr. Whipple's neuropsychological evaluation report (Exh. 12F) prepared after two sessions of evaluation and testing of Plaintiff.  Although Dr. Whipple's report was in the record before Dr. Hughes, it was not discussed and, in any event, was not considered in the context of Dr. Zambenedetti's opinion.  Again, it is impossible to unscramble the egg and determine if the

presence of Dr. Zambenedetti's treating opinion in the record would have changed Dr, Hughes' opinions and the ALJ's ultimate findings.

Plaintiff also persuasively challenges the ALJ's evaluation of the evidence regarding her daily activities.  For instance, Plaintiff reasonably faults the ALJ's reliance on the finding that "the claimant and/or her mother acknowledged that she went shopping with her mother once a week." (Tr. 21).  However, the Function reports cited by the ALJ make clear that it was for only a limited period of time and late at night presumably when less crowded.  (Tr. 323, 355, 363).  In fact, Plaintiff consistently and credibly testified that her mother made her go on those weekly shopping trips on the threat of not eating and that she often has to leave the store before the shopping is complete due to her symptoms.  (Tr. 53, 55-56).

Although this is a close call, the Court concludes on balance that the discrepancies discussed above and the interests of justice supports a remand in this case.  This Plaintiff has a long-documented history of mental health conditions with multiple inpatient hospitalizations over the years.  Further development of the record and evaluation of this SSI claim is warranted.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 11) be DENIED.  I further recommend that Final Judgment enter in favor of Plaintiff remanding this case for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v.

<u>Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, In. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 17, 2022